UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELTA TURNER, LTD.,

    Plaintiff,                                      Case No. 1:08-cv-544

v                                                  HON. JANET T. NEFF

GRAND RAPIDS - KENT COUNTY
CONVENTION/ARENA AUTHORITY
and SMG,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Certify Order for Interlocutory Appeal (Dkt 59). Defendants have filed a motion and brief in support (Dkts 59, 60); plaintiffs have filed a response (Dkt 63). This motion is being decided without oral argument pursuant to W.D. Mich. LCivR 7.3(d).

In an Opinion and Order entered January 30, 2009 (Dkt 57), the Court denied defendants' motions to dismiss plaintiff's complaint with respect to claims for violations of federal antitrust law. Defendants now request that the Court certify for interlocutory appeal its rulings concerning plaintiff's antitrust claims, and more specifically, the following three issues:

    (1) whether defendants are entitled to antitrust immunity as a matter of law;

    (2) whether plaintiff's allegations, if true, constitute legally cognizable antitrust injury; and

    (3) whether, as a matter of law, plaintiff's allegations, if true, constitute a relevant market, market power, and anticompetitive effects.

The Court is not persuaded by defendants' arguments that certification of these questions is warranted. Under 28 U.S.C. § 1292(b), a district judge has discretionary authority to certify an order for interlocutory appeal. Section 1292 provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). Accordingly, certification is proper if three requirements are met:

"(1) the order involves a controlling question of law,

(2) a substantial ground for difference of opinion exists regarding the correctness of the decision,

(3) an immediate appeal may materially advance the ultimate termination of the litigation."

*In re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d 444, 446 (6th Cir. 1974)); *see also In re PHM Credit Corp.,* 99 B.R. 762, 767-68 (E.D. Mich. 1989) (also citing *Cardwell, supra*). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis,* 293 F.3d at 350; *see also Cardwell,* 504 F.2d at 446 (section 1292(b) should "'be used only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation … '" (citation omitted)).

The disputes at issue in defendants' motions to dismiss plaintiff's complaint involve not so much the resolution of questions of controlling law, but instead matters preliminary to those determinations. To the extent that defendants argued that the law entitled them to dismissal, the Court found those arguments either without merit or premature given the limited record. The Court finds no matter of controlling law that creates substantial grounds for difference of opinion with regard to either (1) the legal standard applied by the Court for deciding defendants' immunity or (2) whether plaintiff's complaint adequately pleads an antitrust claim. Defendants mischaracterize the Court's statement of the relevant standard for dismissal under *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007) in as much as they indicate that the Court failed to apply the "plausibility" threshold to the pleadings. In deciding defendants' motions to dismiss, the Court applied the "plausibility" standard announced in *Twombly* and decided that it was met.

Thus far in this case, the Court has accommodated defendants' concerns about advancing this litigation pending the Court's consideration of the validity of plaintiff's claims. The Court stayed discovery pending a decision on defendants' motions to dismiss (Dkts 24, 49). The Court is now persuaded that this case should move forward for the reasons indicated in its Opinion and Order of January 30, 2009. Defendants have set forth no convincing justification for interlocutory appeal of the Court's decision on defendants' motions to dismiss.

**THEREFORE, IT IS ORDERED** that the Defendant's Motion to Certify Order for Interlocutory Appeal (Dkt 59) is **DENIED**.

Date: March 4, 2009                            /s/ Janet T. Neff
                                               JANET T. NEFF
                                               United States District Judge

3